Requestor: Alan O. Minsker, Esq., County Attorney County of Cattaraugus 303 Court Street Little Valley, N Y 14755
Written by: Siobhan Crary, Assistant Attorney General
You have asked whether, for the time period commencing July 1, 1992, Family Court Act § 236 requires that preschool children with handicapping conditions are transported to special education services in vehicles which meet requirements established by the Commissioner of Transportation. In a telephone conference, you also asked whether the Family Court could issue an order that requires provision of special education services but is silent as to transportation, thereby making the child's parents responsible for providing transportation.
Family Court Act § 236 recently was amended and its provisions extended beyond the June 30, 1992 expiration date previously contained in the statute. L 1992, ch 130. The section provides, in relevant part:
 "Whenever such a child within the jurisdiction of the court pursuant to this section appears to the court to be in need of special educational services . . . including transportation, tuition or maintenance, a suitable order may be made for the education of such child in its home, a hospital or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county."
Family Court Act § 236(2).
The Family Court Act also provides that every such order that provides for transportation of a child "shall" require that the transportation "shall" be provided by the county and that vehicles used "shall" meet the minimum requirements for school age children as established by the Commissioner of Transportation. Family Court Act § 236(3).
The Act provides that the Family Court "may" make an order providing for the education of a child in its home or other suitable place. It contains no requirement that provision for transportation "shall" be part of every order. By contrast, we note that the statute does provide that when transportation is ordered it "shall" meet specified requirements. It appears, therefore, that the Legislature did not intend to mandate provision for transportation in every order issued by the Family Court. The court is left with some discretion. If the court's failure to include provisions for transportation in its order would in effect deprive a particular child of the needed special educational services, the court would not be satisfying the statute.
We conclude that, when the Family Court orders special education for a child at a "hospital or other suitable institution", the order may, but need not, include provision for transportation in accord with Family Court Act § 236(3). If the court's failure to include provisions for transportation in its order would in effect deprive a particular child of the needed special educational services, the court would not be satisfying the statute.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.